**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-11,<br><br>                                  Plaintiff,<br><br>v.<br><br>DAE SUNG SHIM, *et al.*,<br><br>                                  Defendants. | Civil Action No.: 23-cv-1245<br><br>**Opinion & Order** |

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court on various motions, including: (1) a motion for reconsideration and vacatur of District Judge Kevin McNulty's October 19, 2023 Order (ECF No. 40) remanding this matter to the Superior Court of New Jersey filed by *pro se* Defendants Dae Sung Shim ("Shim") and Sung Ho Mo ("Mo") (collectively, "Defendants") (ECF No. 46); and (2) a motion for a stay of this matter filed by Shim (ECF No. 49).[1]  Plaintiff HSBC Bank, USA ("HSBC") filed a brief in opposition (ECF No. 50) and Defendants filed two replies (ECF Nos. 51, 52). The Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion for reconsideration is **DENIED** and Shim's motion to stay this matter is **DENIED**.

---

[1] This case was reassigned to this Court on November 14, 2023.  ECF No. 48.

## II.     BACKGROUND

This case arises out of a foreclosure action involving the mortgage associated with Defendants' property in Totowa, New Jersey. ECF No. 18 at 2. This action was originally filed in the Superior Court of New Jersey in 2016. *Id.* Following the Superior Court entering a "final judgment" of foreclosure in June 2022, Mo filed a bankruptcy petition with the U.S. Bankruptcy Court for the District of New Jersey. *Id.* After the Bankruptcy Court held a hearing in March 2023, during which it "indicated that it was going to enter an order lifting the automatic bankruptcy stay as to the foreclosure," Defendants removed the underlying foreclosure action to this Court. *Id.* at 3. HSBC then filed a motion to remand the case back to state court. *See* ECF No. 8.

On June 20, 2023, Magistrate Judge Edward S. Kiel (now District Judge) entered a Report and Recommendation ("R&R") recommending that Judge McNulty grant Plaintiff's motion to remand (ECF No. 8) and that Plaintiff be awarded fees and costs related to the motion in light of Defendants' "objectively unreasonable" removal and arguments against remand. *See generally* ECF No. 18. In reaching this conclusion, Judge Kiel specifically found that: (1) HSBC's motion to remand was timely filed (*id.* at 3–4); (2) Defendants' removal to federal court was severely untimely (*id.* at 4–7); (3) Defendants' removal violated the forum-defendant rule (*id.* at 7–8); (4) Defendants failed to demonstrate that there was federal or bankruptcy jurisdiction over the case (*id.* at 8–11); and (5) Defendants improperly invoked 28 U.S.C. §§ 1346 and 1442 as bases for removal (*id.* at 11–12). Following Defendants' objections to Judge Kiel's R&R (ECF No. 28) and briefing from the parties (ECF Nos. 30, 31, 35, 37), in addition to a motion to stay from Defendants (ECF No. 29), Judge McNulty issued an Order adopting Judge Kiel's R&R in its entirety (the "October 19 Order") (ECF No. 40). Judge McNulty found that "removal in this matter was objectively unreasonable," administratively terminated Defendants' motion to stay, and

remanded this matter to the Superior Court of New Jersey upon final resolution of Plaintiff's request for fees and costs.[2]  ECF No. 40.  On November 6, 2023, Defendants filed a motion for reconsideration and vacatur of the October 19 Order pursuant to Local Civil Rule 7.1(i).[3]  ECF No. 46.  Subsequently, on November 16, 2023, Shim filed another motion to stay this action. ECF No. 49.

### III.   LEGAL STANDARD

A party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked."  L. Civ. R. 7.1(i).  The Court will reconsider a prior order only where a different outcome is justified by "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice."  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citation and brackets omitted).  A court commits a clear error of law "only if the record cannot support the findings that led to that ruling."  *ABS Brokerage Servs. v. Pension Fin. Servs., Inc.*, No. 09-cv-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)).  A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001); *see also Brackett v. Ashcroft*, No. 03-cv-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (noting that "reconsideration is an extraordinary remedy, that is granted 'very sparingly'" (citations omitted)).

---

[2] Judge McNulty's Order remanded this matter to the Superior Court of New Jersey, Law Division, Bergen County. ECF No. 40 at 3.   However, the case was removed from the Superior Court of New Jersey, Chancery Division, Passaic County, as noted in HSBC's motion to remand (ECF No. 8 at 1) and Judge Kiel's R&R (ECF No. 18 at 1).

[3] Defendants originally filed a reconsideration motion on November 3, 2023.  ECF No. 43.  However, in a November 6, 2023 letter to the Court, Mo requested that the motion at ECF No. 43 "be withdrawn."  ECF No. 45.

"Mere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt.*, 161 F. Supp. 2d at 353).

IV. **DISCUSSION**

   A. **Motion for Reconsideration & Vacatur**

      1. Remand

Defendants contend that reconsideration and vacatur of the October 19 Order remanding this matter to state court is warranted "on the basis of clear and fundamental error." ECF No. 46 at 1. In response, HSBC argues that Defendants' motion "fails to satisfy the heightened standard for reconsideration under Local Rule 7.1(i)" and "presents no factual or legal matters 'overlooked' by the Court, nor does [it] submit any argument that could support a finding that this Court erred." ECF No. 50 at 1–2, 9. HBSC also points the Court to Defendant Mo's potential violation of District Judge Madeline Cox Arleo's October 13, 2023 Letter Order barring Mo "from filing any further motions relating to this foreclosure action or the subject property without formal leave of Court."[4] *Id.* at 1–2.

---

[4] In a case involving the same subject matter, Judge Arleo wrote, in part:

> Finally, it cannot be overstated that this intricate web of actions all stem from what should be fairly straightforward foreclosure actions and personal bankruptcy involving the Properties. The record makes clear that Mr. Mo has been given more than ample opportunity to fully and fairly litigate his claims but has instead used the litigation process to forestall the foreclosures on his property—not to raise legitimate issues . . . . The Bankruptcy Court has appropriately declared Mr. Mo a vexatious litigant and placed restrictions on his ability to file pleadings without first seeking prior approval from the Bankruptcy Court. *See* Vexatious Order. And in the Warning Order, this Court cautioned Mr. Mo not to "call chambers staff" or "file stay and reconsideration motions simultaneously here and in the Bankruptcy Court." Warning Order at 2. Although he has not technically violated the Warning Order, since then, Mr. Mo has (1) initiated the Stay Relief Appeals, the TIAA Removal, the Kabe Removal, and the Recusal Appeal; (2) filed the Motion to Stay, Motion to Dismiss Kabe, Motion to Stay Foreclosure, Motion to Dismiss TIAA, and PI Motion; and (3) filed over 15 duplicative letters and briefs across various appeals that resulted in the Court's need for the Consolidated Appeal. Going forward, Mr. Mo will continue to be bound by the Warning Order. Additionally, Mr. Mo is hereby **ORDERED** to refrain from initiating any frivolous, duplicative, or repetitive actions, nor file motions, pleadings, or other papers of the same nature, whether they involve an appeal of a Bankruptcy Court order, removal of a state action, or filing of a new complaint in District Court, which in any way touch on or relate to the two Properties or the Bankruptcy Proceeding. No such appeals, removals or new actions shall be filed without first

In support of reconsideration of remand, Defendants argue, once again, that HSBC failed to file a timely motion to remand. That motion was to be filed "within 30 days after the filing of the notice of removal," which occurred on March 8, 2023. 28 U.S.C. § 1447(c); ECF No. 1. HSBC's remand motion was filed on April 10, 2023. ECF No. 8. Defendants argue that this filing exceeded the proscribed thirty-day period, but neglect to properly analyze that April 7, 2023 was a legal holiday in New Jersey, which was followed by a weekend. *See* ECF No. 46 at 1. The same argument was made to Judges McNulty and Kiel previously, who both rejected the position. *Compare id.* at 1–3 *with* ECF No. 28 at 3–4. The current iteration of the argument puts forth no new legal authority or factual basis warranting relief.

In any event, consistent with the findings of Judge Kiel's R&R and Judge McNulty's Order, Defendants' argument is meritless, if not frivolous. Defendants contend that Federal Rule of Civil Procedure 6(a)(6)(A) defines a legal holiday as "the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Juneteenth National Independence Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day." *See* ECF No. 46 at 2 n.2. Accordingly, Defendants argue April 7, 2023, a day that the Court was merely "in recess," does not qualify as a "legal holiday." *Id.* at 2–3. Defendants conveniently omit subsection (C) of Rule 6(a)(6) which establishes that a "legal holiday" also includes "any other day declared a holiday by the state where the district court is located" (Fed. R. Civ. P. 6(a)(6)(C)), as was the case for the day in question.[5]

---

seeking permission from the undersigned, in a letter request not to exceed three double spaced pages, succinctly setting forth the basis for the filing. Should Mr. Mo violate this Order, the Court will deem Mr. Mo a vexatious litigant . . . and implement [certain further filing] restrictions.

*See* Civ. No. 22-05796, ECF No. 26 at 10. While this Court will not declare the Defendants vexatious litigants at this juncture, Defendants are reminded of the potential reciprocations that Judge Arleo warned of in her Letter Order should any further violations occur.

[5] *See* Supreme Court of New Jersey 2022-2023 Holiday Calendar, available at

Therefore, there is no doubt that Shim's arguments opposing the timeliness of HSBC's motion to remand continue to be "objectively unreasonable."[6]

Additionally, Defendants challenge Judge McNulty's Order remanding the matter to state court on the basis that Defendants untimely removed the action to federal court. Judge McNulty accepted Judge Kiel's determination that "Defendants removed this case in an untimely manner in March 2023, as the removal was not accomplished within 30 days after Removing Defendants acknowledged receipt of the complaint by 2017." ECF No. 18 at 4. Yet, in challenging this determination, Defendants' moving brief does not address the timeliness of removal in any meaningful way, let alone present a basis that warrants the "extraordinary remedy" of reconsideration.[7] In short, Defendants' reconsideration motion "improperly attempt[s] to relitigate issues that the District Court ha[s] already considered." *D'Antonio v. Borough of Allendale*, No. 22-1329, 2022 WL 10965674, at *3 (3d Cir. Oct. 19, 2022) (citation omitted), *cert. denied sub nom. D'Antonio v. Borough of Allendale, New Jersey*, 143 S. Ct. 2676 (2023), *reh'g denied,* 144 S. Ct. 55 (2023).

2. Fees Award

Defendants also move for reconsideration and vacatur of Judge McNulty's Order adopting Judge Kiel's recommendation that HSBC be awarded reimbursement of the attorneys' fees and costs incurred while litigating HSBC's motion to remand. Judge McNulty's October 19 Order explained that "the Court is well within its discretion to order an award of fees and costs for the

---

https://www.njcourts.gov/sites/default/files/notices/2021/11/n211118c.pdf (identifying Friday, April 7, 2023 as a "Legal Holiday").

[6] Moreover, in a March 15, 2023 Text Order, Judge Kiel granted Plaintiff leave to file a motion to remand by April 21, 2023. ECF No. 7.

[7] To the extent Defendants address this point solely in the reply brief, doing so is procedurally improper. *See Oberwager v. McKechnie Ltd.*, 351 F. App'x 708, 711 n.5 (3d Cir. 2009) ("It is, of course, inappropriate to raise an argument for the first time in a Reply brief.")

6

plaintiff in light of the defendant's objectively unreasonable removal, particularly in the context of Defendant Mo's litigation history." ECF No. 40 at 2. Indeed, the federal removal statute, 28 U.S.C. § 1447, expressly provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

In support of reconsideration, Defendants contend that "[t]he circumstances do not warrant an award of fees and costs. Defendant's arguments based on procedural history of this foreclosure action are sufficient to constitute a reasonable basis for seeking removal. Likewise, procedural mistakes, like those present here, will rarely warrant an award of fees and costs." ECF No. 46 at 8. Defendants reiterate that "attorney's fees should *not* be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Id.* However, both Judge Kiel and Judge McNulty carefully considered the matter and determined that removal was "objectively unreasonable." ECF No. 18 at 4; ECF No. 40 at 2 n.4. This Court agrees.

Defendants do not set forth any argument or binding authority that renders a need to "correct a clear error of law or prevent manifest injustice." *N. River Ins. Co.*, 52 F.3d at 1218. Indeed, as detailed in Judge Kiel's well-reasoned R&R, Defendants removed the case in a frivolous manner after litigating it in state court for more than half a decade, without federal question jurisdiction and in blatant disregard of the forum-defendant rule, and supported its opposition to remand with baseless arguments. *See generally* ECF No. 18. Moreover, Defendants' arguments as to reconsideration are virtually identical to Defendants' arguments considered by Judge McNulty as made in objection to Judge Kiel's R&R. *Compare* ECF No. 28 at 37–38 *with* ECF No. 46 at 8–9. Accordingly, the Court will deny Defendants' motion to reconsider the October 19 Order awarding attorney's fees and costs associated with the motion to remand.

7

Next, the Court considers the requested award. The October 19 Order permitted HSBC fourteen (14) days to submit an affidavit of costs and fees associated with litigating the motion to remand. ECF No. 40 at 3. On November 2, 2023, counsel for HSBC, Aaron M. Bender, Esq., of Reed Smith LLP, submitted an affidavit detailing such fees. *See* ECF No. 41. Shim filed an objection to the requested award. ECF No. 44. The affidavit declares that HSBC had been invoiced $11,774.60 for Reed Smith's services in connection with the remand motion. ECF No. 41 at 3. In accordance with the Local Civil Rules, the affidavit appended "redacted copies of Reed Smith's computerized time sheet from Reed Smith's billing system, which Reed Smith utilizes to bill its clients for its services and costs, and which Reed Smith maintains and contemporaneously populates with data in the ordinary course of its business." *Id.* at 3–4; *see also* ECF No. 41-1 (reflecting Reed Smith attorneys' timekeeping logs). The Reed Smith attorneys involved with the motion included Partner Diane A. Bettino, Counsel Aaron M. Bender, and Associate Greyson K. Van Dyke. *Id.* at 6–9. The three attorneys combined to bill a total of 32.70 hours on tasks related to the motion and billed at rates of $729.00, $415.00, and $310.00 per hour, respectively. *Id.* In support of the requested fees, Mr. Bender's affidavit notes that "[i]n setting th[ese] hourly rate[s] charged to clients, Reed Smith LLP has taken into consideration the normal market rate charged by firms of similar size and for attorneys of similar position, experience and expertise." *Id.* Mr. Bender adds that each attorney's time expended in connection with the motion was reasonable in light of the "the substantial, vexatious nature of Defendant's filings" and the tasks necessary to properly represent HSBC accordingly. *Id.*

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "To meet its burden the fee petitioner must 'submit evidence supporting the hours worked and rates

8

claimed.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The Supreme Court has held that '[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996) (quoting *Hensley*, 461 U.S. at 433).

"Reasonable hourly rates are typically determined based on the market rate in the attorney's community for lawyers of similar expertise and experience." *Machado v. Law Offices of Jeffrey H. Ward,* No. 14-7401, 2017 WL 2838458, at *2 (D.N.J. June 30, 2017) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 712 (3d Cir. 2005)). "The starting point in determining a reasonable hourly rate is the attorney's usual billing rate, but this is not dispositive." *Id.* (quoting *Public Int. Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)). "After a court ascertains a reasonable hourly rate, it must then determine whether the hours that the attorney expended are reasonable." *Id.* (citing *Hensley*, 461 U.S. at 433–34). A court is to exclude any hours that "were not reasonably expended" from the fee calculation. *Hensley*, 461 U.S. at 434 (citation omitted). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Rode*, 892 F.2d at 1183.

Having reviewed Mr. Bender's affidavit, Reed Smith's detailed timekeeping logs, and Shim's objection to Reed Smith's requested award, the Court finds that the billing rates for each attorney were reasonable in light of prevailing market rates and that the time spent on this matter was reasonably expended, especially considering Defendants' excessive, redundant filings. *See In re Mercedes-Benz Tele Aid Cont. Litig.*, No. 07-2720, 2011 WL 4020862, at *7 (D.N.J. Sept. 9, 2011) (finding hourly rates of up to $795 for partners and $560 for associates as "reflect[ive] [of] the experience and skill of the lawyers involved and [] comparable to rates the courts have

9

approved in similar cases in other metropolitan areas."); *see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 342 F.R.D. 84, 89 (S.D.N.Y. 2022) ("The requested associate rates are between $320–480, and requested counsel and partner rates are between $475–775. These rates comport with, and are in some cases even lower than, rates awarded in other complex commercial litigation cases in this District.").

Shim contends that "[w]ith respect to attorney's fees, New Jersey courts have generally concluded that a reasonable average hourly rate in this jurisdiction is $306 in 2023." ECF No. 44 at 4. However, Shim provides no citation to any case law establishing such a precedent or any evidentiary basis as to why the respective rates are unreasonable. *See Wade v. Colaner*, No. 06-3715, 2010 WL 5479625, at *5 (D.N.J. Dec. 28, 2010) ("Indeed, the Third Circuit has declared that it is insufficient to merely contest the claimed hourly rate without supplying evidence; the challenger of the rate must submit 'evidence of a different reasonable hourly rate.' Here, Defendant does not offer any certifications, or otherwise, to show that Plaintiff's Counsel is entitled to anything lower than his requested rate." (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly,* 195 F. App'x 93, 98 n.4 (3d Cir. 2006)); *Warren Distrib. Co. v. InBev USA, LLC*, No. 07-1053, 2011 WL 770005, at *13 (D.N.J. Feb. 28, 2011) ("Generally, '[a]n affidavit attesting to the reasonableness of the requested fee by an attorney familiar with the practice area and community is adequate to establish a prima facie case, shifting the burden to the opposing party to produce contradictory evidence.'" (quoting *Jefferson v. City of Camden,* No. 01–4218, 2006 WL 1843178, at * 16 (D.N.J. June 30, 2006)). Accordingly, Reed Smith has satisfied its burden of establishing that it is entitled to fees in the amount of $11,774.60.

### B. Motion to Stay

In light of Judge McNulty's October 19 Order remanding this matter to state court and this Court's denial of Defendants' request for reconsideration herein, Shim's motion to stay (ECF No. 49) will be denied. *See Platkin v. Exxon Mobil Corp.*, No. 22-cv-06733, 2023 WL 4086353, at *2 (D.N.J. June 20, 2023) ("[T]he parties no longer appear to contest that remand is proper, and remand will moot Defendants' motion to stay."); *Lemiska v. Briad Grp.*, No. 20-cv-08130, 2021 WL 681978, at *1 (D.N.J. Feb. 22, 2021) (denying defendant's motion to stay as moot upon granting Plaintiff's motion to remand).

### V.   CONCLUSION

For the reasons set forth above, Defendants' motion for reconsideration and vacatur (ECF No. 46) is denied and Shim's motion to stay this matter (ECF No. 49) is denied.

**Accordingly, IT IS** on this 26th day of June, 2024,

**ORDERED** that Defendants' motion for reconsideration and vacatur (ECF No. 46) of Judge McNulty's October 19, 2023 Order (ECF No. 40) adopting and affirming Judge Kiel's Report & Recommendation (ECF No. 18) is **DENIED**; and it is further

**ORDERED** that Shim's motion to stay this matter (ECF No. 49) is **DENIED**; and it is further

**ORDERED** that this case shall be remanded to the Superior Court of New Jersey, Chancery Division, Passaic County. The Clerk of Court shall immediately mail a certified copy of the remand order (ECF No. 40) to Superior Court of New Jersey;[8] and it is further

**ORDERED** that Plaintiff is hereby awarded a total of $11,774.60 in costs and fees

---

[8] Upon the mailing of a certified copy of the remand order to state court, the Court will no longer have jurisdiction to address arguments related to removal. *See Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355–56 (3d Cir. 2013). Accordingly, no further filings on this matter shall occur.

pursuant to 28 U.S.C. § 1447(c).  Defendants Mo and Shim shall remit payment in the total amount of $11,774.60, which shall be paid within thirty (30) days of the date of this Order. Payment under this Order shall be made via one (1) cashier's check in the total amount of $11,774.60 payable to "Reed Smith LLP Trust Account" and the check shall be sent, via certified mail, to counsel for Plaintiff, Aaron M. Bender, Esq., Reed Smith LLP, 506 Carnegie Center, Suite 300, Princeton, New Jersey 08540.   Within five (5) days of Defendants' mailing, Defendants shall certify to the Court that they have fully complied with this Order; and it is further

**ORDERED** that Mo's motion requesting oral argument and an evidentiary hearing (ECF No. 60) is **DENIED**; and it is further

**ORDERED** that, in light of remand, Defendants' motions to file supplemental briefing (ECF Nos. 64, 67) are **DENIED**; and it is further

**ORDERED** that counsel for Plaintiff shall serve a copy of this Order upon all parties within seven (7) days of receipt hereof; and it is further

**ORDERED** that this matter shall remain **CLOSED**.

**SO ORDERED.**

*s/Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States District Judge**